UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:16-CV-00050-JHM

WANDA DAY                                                                                    PLAINTIFF

v.

SHOPKO STORES                                                                            DEFENDANT/
OPERATING CO., LLC                                                          THIRD PARTY PLAINTIFF

v.

ARAMARK UNIFORM                                                                    DEFENDANT/
AND CAREER APPAREL, LLC                                           THIRD PARTY DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Aramark Uniform and Career Apparel, LLC's (hereinafter "Aramark") motion for summary judgment. [DN 16]. Fully briefed, this matter is ripe for decision. For the reasons stated below, the motion is **DENIED**.

**I. BACKGROUND**

This matter concerns injuries sustained by the plaintiff while in a retail store. Plaintiff Wanda Day was in the Defendant Shopko Stores Operating Company's (hereinafter "Shopko") retail store in Munfordville, Kentucky on March 7, 2015, when she tripped and fell on a floor mat in the store. This fall allegedly caused damage to Day's left knee, among other injuries. Day initiated this action against Shopko in Hart Circuit Court on December 1, 2015, alleging that Shopko's negligence caused her to fall and seeking damages for her injuries. [DN 7-6, exh. A]. On February 16, 2015, Shopko filed a third-party complaint against Aramark, claiming that Aramark provided and placed the floor mat in the Shopko retail store, and that Shopko was entitled to full indemnification from Aramark for any liability assigned to Shopko. [DN 7-6].

On March 1, 2016, Day amended her complaint to also assert negligence claims against Aramark. [DN 1-1].

Aramark filed its notice of removal with this Court on April 19, 2016. [DN 1]. After initial disclosures had been made by all parties, Aramark moved for summary judgment as to the claims made by both Day and Shopko on the basis that Aramark had removed all of its floor mats and other equipment from the Shopko store on March 3, four days before the accident. [DN 16-1]. This Court deferred ruling on Aramark's motion to allow for additional discovery as to whether Aramark had removed its floor mats before March 7. [DN 23]. Following a period of limited discovery, the parties supplemented their initial filings on the motion. [DN 26, 27, 28].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to

2

particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### III. DISCUSSION

The period of limited discovery revealed that the floor mat in question was likely one placed in Shopko's retail store by Aramark. (*See* Dep. Ralph McKinney [DN 26-1] at 93.) Thus, Aramark's original argument for granting summary judgment, specifically that the mat was in no way connected to Aramark, is untenable and the basis for its motion no longer exists. Therefore, it is denied.

In its supplemental reply [DN 28], Aramark argues that summary judgment is still appropriate, as the evidence demonstrates that Aramark owed no duty to Day to ensure the mat was kept in a reasonably safe condition once Aramark completed its delivery of the mats. Day also now argues in her supplemental response that summary judgment should be granted in favor of Aramark. [DN 27, at 7].

If Plaintiff Day now believes her claim against Aramark is not viable, then she should move to dismiss it. If Aramark has new support for a summary judgment motion, then it should file one.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Aramark's motion for summary judgment is **DENIED.**

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

January 13, 2017